# District Court of the Navajo Nation

Judicial District of Shiprock, New Mexico

---

**State Farm Mutual Automobile Insurance Company,
and Lloyd, Linda and Andrea Drinens,
Plaintiffs,
v.
Susan Lambert, Defendant.
Decided September 29, 1995**

---

## JUDGMENT AND ORDER

Judge Lorene Ferguson presiding.

THIS MATTER was heard on June 21, 1995 and the Court's findings are as follows:

01. On August 09, 1993, an auto collision occurred between the parties out of which arises this action. Andrea Drinen, a minor with a driver's permit at the time, was driving and with her as passengers were her parents, Lloyd Drinen, who sat in the passenge seat, and Linda Drinen who sat in the front middle seat.

02. Susan Lambert, the driver of the other vehicle, having completed shopping, was driving on to 20th street from Grocery Warehouse in Farmington, New Mexico.

03. The Plaintiffs, the Drinens, were in route on 20th street in Farmington, New Mexico within a 35 MPH zone lane. Plaintiffs stated that Andrea was driving west within the speed limit of 35 MPH or less and there was no evidence to show otherwise, although Defendant claimed her vehicle was pushed 80 feet upon impact. Again, no evidence was introduced to show this.

04. Alongside the west bound vehicle driven by Andrea Drinen was another vehicle which slowed down to enter the turn off from which Defendant exited. The other vehicle was attempting to cross the eastbound land and in order to do so had to cross the west bound lane.

05. Plaintiffs, Andrea, Lloyd and Linda, all testified that the driver, Andrea, attempted to avoid the collision by applying brakes. Despite this attempt, Plaintiffs' vehicle collided with Defendant's vehicle.

06. Andrea and Linda both suffered injuries and the medical bill totaled $7,134.50. Andrea's amount of the medical bill is $2,330.00 for treatment for lower back and neck pain and she received treatment for about six (6) months. According to what State Farm Mutual Automobile Insurance company paid, based upon doctor billing and statements submitted, Andrea saw a doctor on these dates for her injuries: July 05, 1994; August 02, 1993; September 13, 15, 20, 27 and 30, 1993; October 04, 06, 11, 13, 18, 21 and 25, 1993; November 02, 04, 09, 11 and 18, 1993; January 19 and 26, 1994; February 16 and 22, 1994;

March 03, 09 and 16, 1994; April 04 and 18, 1994; and May 12 and 31, 1994. Linda's amount of the medical bills submitted to the insurance company is $4,804.50 for injuries to her knees, back, shoulder and neck due to whiplash. Linda also received treatment and was seen by a doctor for treatment on these dates: August 09, 10, 12, 13, 16, 17, 19, 23, 26 and 30, 1993; September 02, 07, 09, 13, 14, 20, 21, 23 and 29, 1993; October 04, 12, 14, 16, 19, 21, 25 and 27, 1993; November 01, 03, 08, 16, 18 and 23, 1993; December 06, 20, 22, 27 and 29, 1993; January 03, 04, 10, 12, 17, 19, 24, 26 and 31, 1994; February 03, 10, 14, 22 and 28, 1994; March 02, 03, 07, 09, 14 and 23, 1994; April 11, 14, 21 and 28, 1994; and May 31, 1994.

07. Insurance Agent, Scott Bristol, testified that treatment received by both Andrea and Linda was reasonable and necessary. Linda previously received treatment by a chiropractor for back and neck pain. Mr. Scott Bristol testified that the insurance policy paid for the medical treatment received by Linda up to May 11, 1994. No evidence was submitted to the contrary by Defendant.

08. Other damages suffered by the Drinens were as follows: Amount of property damages paid to the Drinens was $1,406.50, including an amount of $175.00 salvage value retained by State Farm. Pain and suffering costs paid to Andrea was $500.00 and to Linda was $1,500.00.

09. The Drinens had insurance coverage by State Farm Insurance Company and State Farm Insurance Company paid to the Drinens $10,541.00.

10. State Farm Insurance, having paid out $10,541.00, is seeking by subrogation $10,541.00 from Defendant.

11. Lloyd Drinen, having paid out $250.00 as deductible amount is seeking $250.00 from Defendant.

## PROCEDURES

12. The petition was filed on February 23, 1995 in which the Plaintiffs alleged negligence and requested damages. While the Defendant answered on a timely basis, she did not deny the allegation that she was negligent.

13. A motion was filed by Plaintiffs for judgment on the pleading as to liability.

14. A motion hearing was held and at which time the Defendant's Counsel stated he inadvertently did not answer the allegation that Plaintiffs raised regarding Defendant's negligence. Counsel admitted he did not answer that allegation and he argued that allegations not answered are deemed not admitted and cited Rule 8(a) as support.

15. Rule 8(b) states, "an answer shall state in short and plain terms the defenses to each claim asserted and shall admit or deny the statements in the claim for relief. The party filing the answer may deny a part of a statement and admit the rest. Any claim which is not admitted shall be deemed denied. If no responsive pleading is required, statements in the claim for relief shall be deemed denied. The party filing the answer has a duty to admit what he knows is true."

16. This Court ruled that Counsel held himself out as attorney and as attorney, he is held to the rules and the Court ruled that failure to deny allegations of Defendant's negligence deemed her to be negligent and the Court reasoned that in the first part, the general rule is that what is not denied is admitted. This rule is applicable here. In the second part of the above quotation, where in one claim, a part of a statement is admitted, the part not admitted is deemed denied. This is what Defense attorney argued. The Court further ruled Defendant to be negligent and ruled:

a. Further hearing to be limited to damages.

b. Since Defendant raised comparative negligence defense, Defendant will be allowed to make arguments regarding the degree to which she is liable for damages.

17. Scott Bristol, Adjuster for State Farm, testified regarding amount paid to the doctors for treatment of Andrea and Linda Drinen. Doctor bills were allowed in as evidence to corroborate Mr. Bristol's testimony. No evidence was submitted to the contrary by Defendant nor did Defendant challenge the amount.

18. In the middle of the hearing on June 21, 1995, the Defendant fired her attorney during a break. The Court attempted to discuss the consequences when the attorney stated he is not in the position to represent his client and it would be a disservice to her if he was required to continue. Based upon the representation of the lawyer, this Court has recognized the lawyer's lack of preparation. Defendant's witness only consisted of the Defendant to contradict Plaintiff's testimony.

19. This Court allowed the Defendant's Attorney to withdraw and the matter proceeded and Defendant proceeded pro se.

20. Plaintiffs submitted testimony as follows to support the amount of $10,541.00 damages.

1. Property damage of $1,406.50. This was paid by State Farm to Plaintiffs and the Insurance Company has asserted a claim to this amount.

2. Plaintiff, Lloyd Drinen, paid $250.00 as a deductible amount which Mr. Drinen is claiming.

3. Andrea Drinen claimed as medical expenses, as well as pain and suffering, costs totaling $2,830.00 which was paid by State Farm and this amount is asserted as a claim by State Farm.

4. Linda Drinen claimed medical expenses, as well as costs for pain and suffering, totaling $6,308.50 which was paid by State Farm and this amount is asserted as a claim by State Farm.

21. Defendant claimed Plaintiff was speeding and that upon impact her Jeep was pushed eighty (80) feet. Defendant offered no testimony or evidence to support this.

22. Defendant raised in her closing brief that lack of medical reports and medical testimony did not meet the burden that is placed on the Plaintiffs. She also stated that no MRIs or X-rays were submitted to show injury.

# CONCLUSIONS OF LAW

## COMPARATIVE NEGLIGENCE

In *Cadman v. Hubbard*, 5 Nav. R. 228 (CP Dist. Ct. 1986), the Court stated the doctrine of comparative negligence will be utilized to determine how damages will be apportioned. In that case, a distinction between comparative negligence and contributory negligence was made as follows: "comparative negligence developed under anglo law to replace the old and harsh law of contributory negligence. The contributory negligence theory totally barred a plaintiff from any recovery, even if he or she was totally or only slightly at fault." The Defendant raised as defenses both comparative and contributory negligence.

In *Cadman v. Hubbard*, the Court further stated that 7 N.T.C. Sec. 701(d) embraced a concept akin to comparative negligence and that 7 N.T.C. Sec. 701(d) is the law of the Navajo Nation rather than contributory negligence.

Although the Defendant raised both comparative and contributory negligence, neither can be applied if Defendant does not show any fault of the Plaintiff by evidence or testimony. This Court is unable to assign any fault to the Plaintiff where none is shown. Had Defendant shown fault on the part of the Plaintiff, Andrea Drinen, then the degree of fault on the part of Andrea Drinen would reduce recovery of total damages suffered in an amount equal to her degree of fault.

This Court will not consider contributory negligence based upon the above discussion.

## SUBROGATION

Where accidents involving motorists are involved, insurance companies play a dominant role in the tort claims. Insurance policies may agree to pay reasonable expenses incurred and necessary medical services for a certain period. Policies may provide for payment of medical and other expenses, costs, etc., even before there is any resolution of the dispute regarding liability.

> Subrogation is a doctrine which has evolved to place the burden of paying the infliction of injury squarely upon the party that is responsible for the injury.... The application of the doctrine is essentially to place the insurance company into the shoes of the injured party for the prosecution of the claim to the extent of payment under the policy for damages by the third party tortfeasor.... Subrogation is one of two types, conventional or legal. It can be created by virtue of statutory enactment granting the right of an insurance company or a government agency which has assumed medical expenses on behalf of the Plaintiff. Conventional subrogation arises from a contractual agreement between insured and insurer. Legal subrogation, on the other hand, arises from operation of law whenever an insurance company pays the debt which in equity and good conscience should be paid by the tortfeasor. Equitable Subrogation, *The New Mexico Trial Lawyer*, pg. 1, Vol. XX, No. 02, February-March 1992.

## DAMAGES

In *Begay v. Wilson*, 6 Nav. R. 1, 5 (1988), the Court addressed Plaintiff's burden of proving damages. The Court stated that the Plaintiff must first establish with reasonable certainty that Defendant's conduct caused Plaintiff's damages. Damages must be based upon proof and not speculation. In *Hall v. Arthur*, 3 Nav. R. 35, 40 (1980), the Court stated that the Plaintiff's testimony constitutes adequate proof of damages and all that is required is that a reasonable basis for computation appear in the record and with the best available evidence.

Here, the Plaintiffs, Andrea and Linda, testified that they were injured and each testified how they were injured and described the extent of their injury. Each also testified they sought medical care from the doctors who submitted the billing. The doctors' billings were submitted to the insurance adjuster, who testified he investigated the claims and that the payments were made based upon the claims which he concluded as an adjuster were necessary and reasonable.

In *Begay v. Wilson*, the Court stated that the Plaintiff(s) is/are in the best position to measure the amount of damages through the best evidence available. There, the Court required the Plaintiff to reasonably justify, given the evidence available to him, the damages he/she sought. 6 Nav. R. at 5, 6.

In *Begay*, the Court stated that the Plaintiff must establish his damages with the best evidence available and if the only available evidence is his testimony, then his personal testimony is adequate and the Defendant has the burden of disproving that testimony. *Begay*, 6 Nav. R. at 5. This is not out of line with case law elsewhere where testimony of a witness of establishing damages may be disbelieved: 1) where there is availability of evidence to contradict the witness's testimony; and 2) where there is the likelihood that the witness's interest in the outcome of the case may cause him to testify falsely or to exaggerate. *See Chopp v. Miller*, 264 Or. 138, 504 P.2d 106 (1972). Here, the Plaintiffs both testified that they were injured in the collision caused by the Defendant and subsequent to that injury, the Plaintiffs sought medical treatment. Here, at the time, the adjuster stated when he paid the bills submitted by the doctors, he was acting against the interest of the insurance company. Also, no adjuster is in the position to pay more than is reasonable and necessary. The adjuster further testified that the billings up to May 31st were considered by him to be reasonable and necessary and billings beyond that time were not and, thus, were not paid.

To require the Plaintiffs to bring in medical witnesses or expert testimony would be costly. In *Deal v. Blatchford*, 3 Nav. R. 159 (1982), the Court took into account the problems in bringing in mechanical witnesses in proving damages, due to their lack of availability. There the Court stated:

> There is no reason why a Plaintiff witness cannot testify to the satisfaction of the Court in showing the connection between the repairs and the collision and why the Plaintiff witness cannot testify as to the authenticity of repair estimates and bills. The plaintiff is always subject to cross-examination on these

> matters and as long as the court is satisfied there is nothing to cause suspicion on the reasonableness of the amount paid for repairs, a judgment may be granted in such an amount.

This finding is not a far cry from other case law as discussed earlier, requiring the Defendant's perogative to cross-examine, attack testimony, and offer evidence to the contrary.

### PRE and POST JUDGMENT INTEREST

It is discretionary with the Court, in personal injury cases, to allow interest. A claim for damages in personal injury cases is unliquidated and interest need not be allowed in such cases.

## JUDGMENT

A Judgment is hereby ENTERED in favor of Plaintiff, State Farm Insurance Company, for a total of $10,541.00, and Plaintiff Lloyd Drinen, for $250.00. No damages are considered for Defendant on comparative negligence theory as Defendant did not show this Court to what degree the Plaintiffs were negligent.

The Court hereby DENIES pre and post judgment interest.